## No. 12,429.

THIMMIG ET AL. *v.* SEGEL.
(3 P. [2d] 303)

Decided September 14, 1931.

Mr. WALDO RIFFENBURG, for plaintiffs in error.

Mr. NEIL F. GRAHAM, for defendant in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

ON July 9, 1928, Pauline Steving executed and delivered to M. Segel her two promissory notes. One, for $1,250, was payable on or before November 20, 1928; the other, for $750, was payable on or before January 1, 1929. The notes provided for the payment of interest and, in case of default, for attorney's fees. To secure the payment of the notes, she gave to Segel a chattel mortgage covering twenty acres of sugar beets. The mortgage was recorded on July 9, 1928. The beets were sold to the Great Western Sugar Company. The proceeds amounted to $1,827.61. A. W. Thimmig and L. G. Graham, who had obtained judgments against Mrs. Steving on November 5, 1928, before a justice of the peace, caused garnishment papers to be served upon the sugar company, thereby causing the sugar company to retain the proceeds. Thereafter, on February 5, 1929, Segel commenced this suit to foreclose the chattel mortgage, making Thimmig and Graham parties in order to have their rights to the proceeds adjudged to be inferior to his rights. The sugar company, also made a defendant, disclaimed all interest in the proceeds, and offered to dispose of the same in such manner as the court might direct. F. E. McGuire was made a defendant in order to have a determination of a claim asserted by him against Segel.

I. We will consider first the relative rights of Segel and the two judgment creditors.

The court rendered judgment in favor of Segel and against Pauline Steving for $1,773.26, and decreed that the judgment, to the extent of $1,336.63, should constitute

a first lien upon the proceeds of the sale of the sugar beets covered by the chattel mortgage. This, says counsel for Thimmig and Graham, was error.

1. It is contended that the chattel mortgage did not comply with the following provision of chapter 72, Session Laws of 1923, concerning chattel mortgages: "Chattel mortgages may be given for the purpose of securing the payment of money to be advanced to the mortgagor by the mortgagee after the execution of such mortgage but such chattel mortgage must state a specific sum as the ultimate amount to be advanced thereunder and secured thereby, and the date prior to which said advance shall be completed, and the date on which the last installment or portion of the indebtedness thereby secured shall mature and no such chattel mortgage shall be security for any advance made to the mortgagor after the date specified in said mortgage for the completion of said advance."

The mortgage contained no mention of the fact that it was intended, in part, to secure the payment of money to be thereafter advanced; and it is contended that for that reason the mortgage was wholly void. We do not think that such result follows. The mortgage recited that it was given to secure the payment of $2,000, evidenced by two promissory notes. The notes were described. The date, the amount, the terms, and the date of maturity of each note was given, the date of the maturity of the second note being January 1, 1929. The statute was not intended to invalidate such a mortgage.

The court found that the notes and chattel mortgage were given pursuant to an agreement whereby Segel "was to finance Mrs. Steving and her husband during the season of 1928, * * * not in excess of $2,000"; that the mortgage secured the payment of indebtedness already due; that it was intended also to secure the repayment of money thereafter to be advanced; that the total indebtedness was not to exceed the sum of the two promissory notes; and that the indebtedness due at the time of the

giving of the notes and mortgage, with interest thereon to the date of the judgment, plus an attorney's fee, amounted to $1,336.63. The court held that to the extent of $1,336.63, Segel's lien was prior and superior to the liens of Thimmig and Graham; but that as to the moneys advanced after the notes and mortgage were given, Segel's lien was not prior or superior to their liens.

The contention of Thimmig and Graham that the mortgage was void as to them cannot be sustained.

2. Segel was a judgment creditor of Mrs. Steving's husband, and, by agreement with Segel, Mrs. Steving included the amount of that judgment in her notes. That was done as part consideration for advances to be made by Segel. The transaction was one within the lawful power of the parties, and cannot be successfully attacked by Thimmig and Graham.

An objection is made to the manner of proving such judgment; but a stipulation at the trial obviated such objection, assuming, but not deciding, that otherwise the objection would have been valid.

II. The McGuire claim.

On September 17, 1928, John Steving, Pauline Steving's husband, owed McGuire $207.75 for groceries. It is claimed by McGuire that on that date Segel orally agreed to pay that bill and also to pay for groceries thereafter to be furnished to Steving; that McGuire thereafter furnished to Steving groceries of the value of $145.25; and that Segel therefore was indebted to McGuire in the sum of $353. Segel denied all this, and pleaded the statute of frauds. The court found that Segel made a direct promise to pay for groceries furnished after September 17, but did not promise to pay for groceries furnished before that date. Judgment against Segel for $145.25 was rendered in favor of McGuire, who complains that the judgment should have been for $353.

There is a question whether the promise found to have been made was anything more than a collateral promise.

McGuire's own testimony is not clear. It also appears that McGuire continued to charge the purchases to Steving, and to send bills to him alone. On September 17, 1928, Mr. and Mrs. Steving gave to McGuire an order on Segel to pay their grocery bill on November 20 out of the beet check. On December 12, 1928, Pauline Steving gave to McGuire her promissory note for the full amount of the bill, $353, and a chattel mortgage on an automobile to secure the payment of the note. In the present suit McGuire sought and obtained judgment for $353 against Pauline Steving for the groceries furnished to the Stevings.

Segel filed no cross-assignment of error based upon the judgment for $145.25 against him, so we will not discuss the correctness of that judgment. We cannot say that the court erred in finding against McGuire the issue concerning the bill for $207.75 that accrued prior to September 17, 1928.

In this opinion we have dealt with all assignments that merit discussion. An examination of the record discloses no error.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BURKE and MR. JUSTICE HILLIARD concur.